UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN ROTONDA,
    Plaintiff,

vs.

J.P. Morgan Chase & Co.,
    Defendant.

Case No. 1:14-cv-838

Bertelsman, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following an informal telephonic discovery conference held on June 23, 2015.

Plaintiff, Jonathan Rotonda, brings this action against his former employer, J.P. Morgan Chase & Co. (Chase), alleging disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* and Ohio Rev. Code § 4112 and unlawful interference with his rights under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (Doc. 1). Plaintiff requested the conference to address (1) Chase's issuance of a subpoena duces tecum to his current employer and (2) Chase's purportedly deficient responses to several interrogatories propounded by plaintiff.

    1.  Chase's Subpoena to Plaintiff's Current Employer, Checksmart

On June 15, 2015, Chase issued a subpoena duces tecum to Checksmart, plaintiff's current employer, seeking 25 distinct groups of documents, including but not limited to information regarding plaintiff's performance evaluations, disciplinary history, requests for disability accommodation, and information related to his salary. Plaintiff was not given prior notice of Chase's intent to issue this subpoena but learned of it on June 15, 2015, when Chase filed its Notice of Issuance on the Court's case management and electronic case filing system. *See* Doc. 21. Plaintiff asserts that this subpoena should be quashed because Chase failed to

provide him prior notice as required under Fed. R. Civ. P. 45. Plaintiff further asserts that the subpoena is improper because it seeks irrelevant information such as plaintiff's current disciplinary history and because the documents subpoenaed that are discoverable can be obtained in a less intrusive and less burdensome manner by requesting them directly from plaintiff. Plaintiff's assertions are well-taken.

Pursuant to Fed. R. Civ. P. 45, where a subpoena commands, *inter alia*, the production of documents, "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The purpose of this requirement is to "enable[e] the other parties to object or to serve a subpoena for additional materials." Fed. R. Civ. P. 45, Advisory Committee Notes to the 2013 amendments. Here, Chase concedes that it served its subpoena on Checksmart, plaintiff's current employer, on the same day that it provided plaintiff with notice. Because Chase did not comply with the dictates of Fed. R. Civ. P. 45(a)(4) by providing plaintiff with notice before it served the subpoena, the subpoena is quashed.

The Court further finds that the subpoena to plaintiff's current employer seeks information that is not relevant to this litigation. The subpoena seeks documents related to plaintiff's performance, disciplinary history, and medical leave requests, as well as complaints made by or about plaintiff, among other things. As stated during the conference, the undersigned finds that plaintiff's current disciplinary history and medical condition are not relevant to his claims against Chase, which relate exclusively to plaintiff's tenure at Chase and his medical condition at that time. Chase may obtain this information by requesting plaintiff's medical records for the pertinent period and/or by deposing plaintiff and his medical providers. Further, Chase's decision to terminate plaintiff occurred before he began working at Checksmart.

2

Therefore, evidence related to his current disciplinary history, performance reviews, and medical condition are simply not relevant to this lawsuit. To the extent the subpoenaed financial documents are relevant to plaintiff's efforts to mitigate damages, this information may be obtained from discovery requests directed to plaintiff. The Court reiterates its statement during the conference that it would quash any future subpoena issued by Chase to Checksmart for the above reasons and would entertain a motion by plaintiff for a protective order in this regard if necessary.

2. Chase's Responses to Plaintiff's Interrogatories

Plaintiff maintains that Chase's responses to several of his interrogatories, specifically Interrogatories Nos. 3 and 4, are deficient.

Interrogatory No. 3 asks Chase to "[i]dentify all persons with knowledge relating to the allegations in the [p]laintiff's [c]omplaint and [Chase's] anticipated defenses." In response, Chase directed plaintiff to specific Bates numbered documents provided by Chase in response to plaintiff's document requests. During the conference, the Court noted that the document identified by Chase at Bates numbers "JPMC 83-85" identifies over a dozen individuals without specific reference to their areas of knowledge. Chase represented that this document is an "At A Glance" snapshot of plaintiff's complete work history and that it was provided in an attempt to be wholly inclusive and responsive to plaintiff's broad request. Plaintiff represented that for reasons unknown to him, the parties in this matter did not exchange initial disclosures under Fed. R. Civ. P. 26 and that his request, though broad, was simply an attempt to obtain the information that would normally be provided by Chase in its initial disclosures under Fed. R. Civ. P. 26(a)(1)(i).[1] Chase did not dispute that the parties in this case failed to comply with the dictates

---

[1] Notably, pursuant to the February 23, 2015 Joint Discovery Plan submitted by counsel, the parties should have exchanged initial disclosures no later than March 26, 2015. *See* Doc. 7 at 2; Doc. 9.

3

of Fed. R. Civ. P. 26.

Given the parties' representation that no initial disclosures have been exchanged in this matter, Chase is ordered to supplement its response to plaintiff's Interrogatory No. 3 as if it were an initial disclosure under Fed. R. Civ. P. 26(a)(1)(i).

Interrogatory No. 4 requests Chase to "[i]dentify all persons who participated in the decision to terminate plaintiff." Chase answered this interrogatory by directing plaintiff to documents provided by Chase in response to plaintiff's document requests, including the documents discussed above with Bates numbers "JPMC 83-85", which lists approximately 15 individuals but does not explain their relation to Chase's decision to terminate plaintiff. Upon questioning during the conference, defense counsel conceded that the document identifies people that were not involved in the decision to terminate plaintiff. Accordingly, as stated during the conference, Chase's answer to plaintiff's Interrogatory No. 4 is not sufficiently responsive and Chase must supplement its answer and explicitly identify those individuals who were involved in the decision to terminate plaintiff.

Insofar as there are other purportedly deficient responses to plaintiff's interrogatories, the parties are ordered to discuss and attempt to clarify Chase's responses prior to seeking further Court intervention. In the event there are remaining areas in dispute, the parties shall contact the Court to schedule a second informal discovery conference and provide the Court with a list of the specific interrogatories at issue, including Chase's responses and a copy of the documents submitted in connection thereto.

**IT IS SO ORDERED.**

Date: 6/24/15

Karen L. Litkovitz
United States Magistrate Judge

4